**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| SENATOR MARSHA BLACKBURN<br>*Plaintiff*,<br>v.<br>JOHN L. SMITH, in his personal capacity,<br>*Defendant*,<br>and<br>THE UNITED STATES DEPARTMENT OF JUSTICE,<br>*Relief Defendant*. | No. 3:26-cv-01398<br>Hon. Douglas R. Cole |

**DEFENDANT JOHN L. SMITH'S MOTION FOR PROTECTIVE ORDER STAYING DISCOVERY AND INCORPORATED MEMORANDUM OF LAW** [1]

Pursuant to Local Rule 7.01(a)(2) and Fed. R. Civ. P. 26(c)(1), Defendant John L. Smith ("Mr. Smith," also referred to herein as "Jack Smith") respectfully files this Motion and incorporated Memorandum of Law seeking a protective order staying all discovery related to him in this lawsuit and correspondingly staying all discovery-related case management deadlines as to him pending the resolution of his Motion to Dismiss. ECF 26, #98. As Mr. Smith explained in his Motion to Dismiss, he is entitled to absolute or qualified immunity on each of Plaintiff's claims against him. Plaintiff's allegations of 42 U.S.C. § 1985(3), Speech or Debate Clause, and First and Fourth Amendment violations—to the extent that they are sufficiently pled at all—do not support that Mr. Smith has

[1] As required by Local Rule 37.01, the parties have conferred in good faith regarding this request, and Mr. Smith has included the requisite Joint Discovery Dispute Statement as a part of this Motion.

violated any clearly established statutory or constitutional rights of which a reasonable person would have been aware. *See id.* at #127-32. Because qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation," Mr. Smith has "an ***immunity from suit*** rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).[2] The Court should issue a protective order staying all discovery as to Mr. Smith in his individual capacity and relieving him from any discovery-related case management, Rule 26(f), and initial disclosure deadlines pending resolution of his Motion to Dismiss.

**RELEVANT BACKGROUND**

Plaintiff filed a Complaint on September 30, 2026, alleging Mr. Smith violated her rights under 42 U.S.C. § 1985(3), the Constitution's Speech or Debate Clause, U.S. Const. art. I, § 6, cl. 1, and the First and Fourth Amendments. Compl., ECF 1, ¶¶ 113-61.

More specifically, Plaintiff claimed that Mr. Smith and several alleged co-conspirators violated 42 U.S.C. § 1985(3) by depriving her of equal protection of the laws and equal privileges and immunities under the law based on purported animus against Republicans and supporters of President Trump (Count One), and by allegedly injuring Plaintiff based on her support and advocacy in favor of President Trump's election (Count Two). *Id.*, ¶¶ 113–41. Plaintiff likewise claimed that Mr. Smith violated her rights under the Speech or Debate Clause by subpoenaing her toll records subject to a non-disclosure order ("NDO") (Count Three), and that Mr. Smith's receipt of her toll records via subpoena and subject to an NDO violated Plaintiff's Fourth Amendment right against unreasonable search and seizure (Count Four). *Id.*, ¶¶ 142–61.

Plaintiff requests nominal damages of $1 and certain declaratory and injunctive relief in connection with Mr. Smith's alleged violations of § 1985(3) in Counts One and Two of the Complaint, Compl., ¶¶ 130, 141; Compl., Prayer; she also seeks an injunction requiring Mr. Smith to destroy all

---

[2] All citations and internal quotation marks omitted and emphases added unless otherwise noted.

legislative materials and return all toll records that may be in his possession (Count Three),[3] *id.*, ¶ 154, Prayer.

Mr. Smith filed a Motion to Dismiss Plaintiff's Complaint on November 19, 2026. Motion to Dismiss, ECF 26, #98. In it, Mr. Smith argues that Plaintiff's Complaint should be dismissed because this Court lacks personal jurisdiction over Mr. Smith, venue is improper in the Middle District of Tennessee, the Complaint fails to state a claim on which relief can be granted, and Plaintiff lacks standing to seek injunctive and declaratory relief from Mr. Smith for alleged harms that, by Plaintiff's own account, occurred years ago. *Id.* at #111-12. Crucially for purposes of this Motion, Mr. Smith also argues that dismissal is warranted because he has qualified (and absolute) immunity from damages. *Id.* at #127-32. This Motion to stay discovery followed.

## ARGUMENT

### A. Law

Rule 26(c)(1) authorizes the Court, "for good cause," to issue an order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including an order "forbidding the disclosure or discovery" or "specifying terms, including time . . . for the disclosure or discovery." Fed. R. Civ. P. 26(c)(1)(A)–(B). "Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (quoting *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999)). While "parties often file motions to stay discovery while a motion to dismiss is pending," courts are generally "reluctant to stay discovery in such a situation." *Gunderson v. Burnaugh*, No. 2:25-cv-301, 2025 U.S. Dist. LEXIS 96904, *3 (S.D. Ohio May 21, 2025). A stay is

[3] Count Four of the Complaint, which is predicated on Mr. Smith's alleged violation of Plaintiff's Fourth Amendment rights, does not include a request for damages or injunctive or declaratory relief. *Id.*, ¶ 161. The Complaint's prayer for relief does request a "declaration" that Mr. Smith's subpoenaing of Senator Blackburn's toll records violated "the Fourth Amendment." *Id.*, Prayer.

appropriate, however, in certain "special circumstances." *Id.* at *4. (citations and internal quotation marks omitted). For instance, a stay of discovery

> may serve the interests of judicial economy where the defendant has raised a defense, ***such as absolute or qualified immunity***, which must, as a matter of law, be addressed before discovery proceeds or where it appears that the complaint will almost certainly be dismissed.

*Id.* Where (as here) a defendant has moved to stay discovery on an assertion of qualified immunity,[4] which "immunizes defendants from monetary damages," *Kanuszewski v. Michigan Dep't of Health & Human Servs.*, 927 F.3d 396, 417-18 (6th Cir. 2019), the Sixth Circuit has explained that "discovery should be halted until the threshold question of immunity is resolved," *Myers v. Potter*, 422 F.3d 347, 357 (6th Cir. 2005) (brackets omitted); *see also In re Flint Water Cases*, 960 F.3d 820, 826 (6th Cir. 2020) ("If the defendant files a motion to dismiss based on qualified immunity, the court *must* stay discovery until that issue is decided."). This is different from courts' typical approach of "weigh[ing] the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery." *Gunderson*, 2025 U.S. Dist. LEXIS 96904, at *4.

This rule "ensure[s] that 'insubstantial claims' against government officials [will] be resolved prior to discovery." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 n.2 (1987)). It likewise aligns with the axiom that current and former public officials enjoy "*immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." *Mitchell*, 472 U.S. at 526 (emphasis in original). Consistent with this authority, this Court has granted stays of discovery in numerous cases in which

---

[4] It is axiomatic that defendants invoking the defense of absolute immunity are also entitled to a stay of discovery. *See, e.g.*, *Sullivan v. USD 512 Shawnee Mission*, No. 24-2491-DDC-BGS, 2025 U.S. Dist. LEXIS 33509, *5 (D. Kan. Feb. 25, 2025) (granting stay of discovery pending resolution of defendants' absolute and qualified immunity defenses); *see also Siegert v. Gilley*, 500 U.S. 226, 232 (1991) ("One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit."). Mr. Smith also raises an absolute immunity defense. *See* Mot. to Dismiss, ECF 26, #131-32.

individual defendants raised immunity defenses in their motions to dismiss. *See, e.g.*, *Bradford v. Reed*, No. 3:24-cv-1136, 2025 U.S. Dist. LEXIS 34491, at *5 (M.D. Tenn. Feb. 26, 2025) ("Here, Defendants Reed and Colvin assert qualified immunity with respect to the claims against them. Accordingly, a stay of discovery is appropriate as to all of Plaintiff's claims against Defendant Reed and Defendant Colvin."); *see also Cross v. Metro. Gov't of Nashville & Davidson Cnty.*, No. 3:12-cv-1109, 2013 U.S. Dist. LEXIS 57904, at *14 (M.D. Tenn. Apr. 23, 2013) ("recommend[ing] that Defendant Anderson's Motion to Stay Discovery be GRANTED")[5]; *Heyne v. Metro. Gov't et al.*, 3:09-cv-0847, ECF 46, #393 (M.D. Tenn. Jan. 7, 2010). And in other cases involving a defendant's assertion of various immunities, including qualified immunity, at the motion to dismiss stage, the parties have agreed to stay discovery through resolution of the immunity defenses. *See, e.g.*, *Jones v. Sexton, et al.*, 3:23-cv-1033, ECF 41, #257 (M.D. Tenn. Dec. 20, 2023) ("In light of Defendants' asserted immunities, and to avoid any unnecessary disputes, the parties have agreed, and it is hereby ordered, that they will not engage in discovery until resolution of Defendants' motion to dismiss.").

**B. Analysis**

Because he has raised the defenses of absolute and qualified immunity in his Motion to Dismiss, applicable Sixth Circuit precedent requires this Court to stay discovery while Mr. Smith's immunity defenses remain pending. *In re Flint Water Cases*, 960 F.3d at 826. A stay of discovery in this context will comport with the purposes of the qualified immunity doctrine. If forced to engage in discovery, Mr. Smith will have to expend valuable resources on litigation that will not proceed if the Court finds Mr. Smith is entitled to immunity—the precise harm the qualified immunity doctrine is designed to prevent. *See Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) (explaining, in the context of

[5] The motion to stay in *Cross v. Metro* was denied as moot when the plaintiff voluntarily dismissed all claims against Defendant Anderson. (Case No. 3:12-cv-01109, ECFs 52-53.)

qualified immunity, that a district court "must exercise its discretion so that officials are not subjected to unnecessary and burdensome discovery . . . proceedings").

Though it need not go through the exercise when a defendant presents an immunity defense, the Court should reach the same conclusion if it "weighs the burden of proceeding with discovery upon" Mr. Smith "against the hardship which would be" visited on Plaintiff "by a denial of discovery"—the standard applied in considering motions to stay discovery where immunity is not at issue. *Gunderson*, 2025 U.S. Dist. LEXIS 96904, at *4. As noted, proceeding with discovery would force Mr. Smith to expend substantial resources defending against claims that cannot go forward once his immunity defenses are sustained—the very "burdens of litigation" from which immunity is meant to shield him. *Mitchell*, 472 U.S. at 526; *see also Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) ("Until this threshold immunity question is resolved, discovery should not be allowed."); *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) (explaining that "[t]he basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including avoidance of disruptive discovery").

Nor would this burden be appropriate even if this Court were to deny Mr. Smith's immunity defenses. Unlike the denial of an ordinary dispositive motion—such as one challenging personal jurisdiction or venue—an order denying qualified immunity is an immediately appealable final decision under the collateral-order doctrine. *Mitchell*, 472 U.S. at 530; *Behrens v. Pelletier*, 516 U.S. 299, 305–08 (1996). And a non-frivolous appeal from such an order divests the district court of jurisdiction over the claims on appeal. *See Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740–42, 742 n.4 (2023) (requiring a stay pending an interlocutory appeal in the context of a ruling on mandatory arbitration and citing qualified-immunity appeals as an example of the application of the same principle); *see also Yates v. City of Cleveland*, 941 F.2d 444, 448–49 (6th Cir. 1991) (suggesting that district court may proceed during a qualified-immunity appeal if it certifies the appeal as frivolous). For that reason, "a stay of proceedings in the trial court while [a qualified immunity] appeal is prosecuted is generally required to preserve the

rights of [government] officials." *Miller v. Gettel*, No. 21-cv-10175, 2022 U.S. Dist. LEXIS 102443, at *7 (E.D. Mich. June 8, 2022) (citations and internal quotation marks omitted). Whatever the outcome of Mr. Smith's immunity arguments, then, any discovery taken against him would likely be wasted: it would either be mooted by dismissal or put on hold during an appeal that Mr. Smith is entitled to take as of right. Allowing discovery to proceed now would therefore impose on Mr. Smith the unfair and unnecessary burden that the immunity doctrine forbids. *See Crawford-El*, 523 U.S. at 598.

Conversely, a stay of discovery will not impose a hardship on Plaintiff. As Mr. Smith pointed out in his Motion to Dismiss, Plaintiff has known of the event underlying this lawsuit (*i.e.*, the subpoena for her toll records) since on or about October 6, 2025—almost a year before she filed the Complaint. Motion to Dismiss, ECF 26, #117. Given this delay, Plaintiff cannot credibly contend that she will be prejudiced by a stay in discovery while Mr. Smith's immunity defenses play out. A pause in litigation will likewise have no impact on Plaintiff's "ability to secure a meaningful remedy" because, unlike plaintiffs seeking relief for "ongoing . . . injuries that continue to worsen over time," Plaintiff is seeking nominal damages, along with declaratory and injunctive relief for acts that occurred long ago.[6] *In re Flint Water Cases*, 960 F.3d at 828. Finally, and perhaps most importantly, Plaintiff will not be prejudiced by a stay because her Complaint merits dismissal for the reasons advanced in Mr. Smith's

---

[6] The fact that Plaintiff has requested declaratory and injunctive relief against Mr. Smith should not weigh against a stay of discovery for at least two independently sufficient reasons. *First*, Plaintiff may not sue Mr. Smith in his individual capacity for declaratory and injunctive relief. *See, e.g.*, *Cmty. Mental Health Servs. of Belmont v. Mental Health & Recovery Bd. Serving Belmont, Harrison & Monroe Cntys.*, 150 F. App'x 389, 401 (6th Cir. 2005) ("Just as a plaintiff cannot sue a defendant in his official capacity for money damages, a plaintiff should not be able to sue a defendant in his individual capacity for an injunction in situations in which the injunction relates only to the official's job, *i.e.*, his official capacity."). A contrary rule would create so large an exception to qualified immunity that it would swallow the entire doctrine. *Second*, because Plaintiff has requested injunctive and declaratory relief against Mr. Smith in his individual capacity for an alleged wrong that occurred years ago, she "lacks a proper basis to obtain such relief." *Bradford v. Linscott*, No. 1:23-cv-48, 2025 U.S. Dist. LEXIS 226176, *17 (W.D. Mich. Oct. 23, 2025). That is, Plaintiff lacks the requisite standing to obtain injunctive and declaratory relief against Mr. Smith. *Nat'l Rifle Ass'n of Am. v. Magaw*, 132 F.3d 272, 279 (6th Cir. 1997) ("When seeking declaratory and injunctive relief, a plaintiff must show actual present harm or a significant possibility of future harm in order to demonstrate the need for pre-enforcement review."); *see also* Mot. to Dismiss, ECF 26, #121-24.

motion to dismiss. *Gunderson*, 2025 U.S. Dist. LEXIS 96904, at *4; *see also Bates v. Ohio Dep't of Rehab. & Corr.*, No. 1:22-cv-337, 2023 U.S. Dist. LEXIS 7234, *4 (S.D. Ohio Jan. 12, 2023) (explaining that a stay of discovery may be justified where "it is patent that the case lacks merit and will almost certainly be dismissed").

* * *

In sum, this Court should stay discovery in this matter pending the resolution of the immunity defenses raised in Mr. Smith's motion to dismiss. Applicable Sixth Circuit precedent requires a stay of discovery here, *In re Flint Water Cases*, 960 F.3d at 826, as does the substantial burden Mr. Smith will face if discovery proceeds while his immunity defenses remain pending. The Court should therefore issue a protective order staying all discovery as to Mr. Smith in his individual capacity and relieving him from any discovery-related case management, Rule 26(f), and initial disclosure deadlines pending resolution of his motion to dismiss.[7]

## **<u>JOINT DISCOVERY DISPUTE STATEMENT</u>**

Pursuant to Local Rule 37.01(a), Mr. Smith respectfully states that the parties have conferred in good faith regarding his request to stay discovery pending the resolution of his motion to dismiss. Counsel for the Department of Justice ("DOJ") has reported to the undersigned that the DOJ does not oppose Mr. Smith's request for a stay of discovery pending the resolution of his motion to dismiss. However, Plaintiff and Mr. Smith were unable to reach an agreement on the issue. Pursuant to Local Rule 37.01(b), the parties submit this statement of their respective positions on Mr. Smith's Motion to Stay Discovery.

[7] Mr. Smith respectfully requests that the parties be ordered to move to reset the initial case management conference no later than 14 days after the resolution of his Motion to Dismiss, "if the case remains active in full or in part." *See, e.g.*, *Jones v. Sexton, et al.*, 3:23-cv-1033, ECF 41, #257 (M.D. Tenn. Dec. 20, 2023) (staying discovery by agreement of the parties and ordering that "no later than 14 days after" resolution of the motion to dismiss, the parties must "move to reset the initial case management conference").

Mr. Smith requests a stay of discovery pending the resolution of his motion to dismiss for the reasons set forth in his accompanying motion and memorandum of law on the matter.

Plaintiff opposes Mr. Smith's motion to stay discovery.

DATED: November 20, 2026

Respectfully submitted,

Lanny A. Breuer (*pro hac vice*)
Peter M. Koski (*pro hac vice*)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth St., NW
Washington, DC 20001-4956
Tel. (202) 662-6000
LBreuer@cov.com
PKoski@cov.com

*/s/ Rascoe Dean*
Rascoe Dean (#034209)
Christopher C. Sabis (#030032)
SHERRARD ROE VOIGT & HARBISON, PLC
1600 West End Avenue, Suite 1750
Nashville, TN 37203
Phone: (615) 742-4200
rdean@srvhlaw.com
csabis@srvhlaw.com

*Counsel for John L. Smith*

## CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2026, the foregoing Motion and Incorporated Memorandum for Protective Order Staying Discovery was filed and served through the Court's CM/ECF system on all counsel of record, including:

Brandon James Smith
Holtzman Vogel
1600 West End Avenue, Ste. 450
Nashville, TN 37203
615-647-8528
bsmith@holtzmanvogel.com

Laura Margaret Harker
Margot Cleveland
Caitlin M. Moyna
NEW CIVIL LIBERTIES ALLIANCE
4250 N. Fairfax Dr., Suite 300
Arlington, VA 22203
(202) 869-5210
Margaret.Harker@ncla.legal
Caitlin.Moyna@ncla.legal
Margotcleveland@gmail.com

*Counsel for Plaintiff Senator Marsha Blackburn*

Wynn M. Shuford
U.S. Attorney's Office for the Middle District of Tennessee
719 Church St., Suite 3300
Nashville, TN 37203
(615) 401-6601
wynn.shuford@usdoj.gov

*Counsel for the United States Department of Justice*

*/s/ Rascoe Dean*